Filed 4/10/15  P. v. Williams CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D066153 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. JCF31693) |
| RICHARD ALVIN WILLIAMS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Imperial County, Poli Flores, Jr., Judge.  Affirmed.

Janice R. Mazur, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A jury convicted Richard Alvin Williams of one count of assault with a deadly weapon (Pen. Code,[1] § 245, subd. (a)(1)) and one count of mayhem (§ 203).  The jury

---

1    All further statutory references are to the Penal Code unless otherwise specified.

also found true a serious felony prior conviction (§ 667, subd. (a)(1)) and one strike prior (§ 667, subds. (b)-(i)).

The court imposed a combined sentence of 16 years in prison on count 2. The court stayed a four-year term for count 1 pursuant to section 654.

Williams filed a notice of appeal.

Counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), indicating she is unable to identify any reasonably arguable issues for reversal on appeal. Counsel requests this court to review the record for error as mandated by *Wende*. We offered Williams the opportunity to file his own brief on appeal but he has not responded.

STATEMENT OF FACTS

At about 8:00 p.m. on September 16, 2013 the victim, Kathryn Cobb, and her sister Britney were at the home of Williams's father Morgan Williams.[2] At some point the victim went into the kitchen. There she encountered Williams, who rushed at her, stabbed her in the left ear and said: "What's up bitch?"

When the victim screamed, her sister and Morgan ran into the kitchen. Morgan got between Williams and the victim and took the knife away from Williams. The victim was taken to the hospital where she received seven stitches for her wound.

---

[2]     We will refer to Williams's father as Morgan for clarity. No disrespect is intended.

Morgan called the sheriff's office and met the responding deputy outside the house. Morgan told the deputy that his son had stabbed someone and that he had taken the knife from him. Morgan took the deputy into the house for further investigation.

Defense

Williams testified in his own behalf. He testified that although he had met the victim previously, he did not know her and did not socialize with her.

Williams denied the stabbing and denied any type of fight took place. He denied his father took a knife from him.

DISCUSSION

As we have noted, appellate counsel has filed a brief pursuant to *Wende, supra*, 25 Cal.3d 436, indicating she has not been able to identify any reasonably arguable issues for reversal on appeal. Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified one possible, but not arguable issue for our consideration:

Whether the trial court erred in permitting the People to inquire about an alleged uncharged assault by Williams against the victim's brother?

We have reviewed the entire record as mandated by *Wende, supra,* 25 Cal.3d 436 and *Anders, supra,* 386 U.S. 738, and have not identified any reasonably arguable issue for reversal on appeal. Competent counsel has represented Williams on this appeal.

DISPOSITION

The judgment is affirmed.


                                                            HUFFMAN, Acting P. J.

WE CONCUR:


        McINTYRE, J.


        O'ROURKE, J.


4